IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ASHLYN TARLETON and SHANE H. TARLETON<br>  Plaintiffs,<br><br>v.<br><br>LIBERTY INSURANCE CORPORATION<br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. __5:21-cv-1175__ |

## LIBERTY INSURANCE CORPORATION'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Liberty Insurance Corporation ("Liberty") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully show the following:

*Procedural Background*

1. On October 12, 2021, Plaintiffs Ashlyn Tarleton and Shane H. Tarleton filed their Original Petition ("Original Petition") styled Cause No. 2021CI21547; *Ashlyn Tarleton and Shane H. Tarleton v. Liberty Insurance Corporation;* In the 285th Judicial District Court, Bexar County, Texas. Liberty was served with citation on October 25, 2021 and filed its Original Answer on October 28, 2021.

*Nature of the Suit*

2. This lawsuit involves a dispute over Liberty's handling of Plaintiffs' insurance claim for damages from a plumbing event allegedly occurring at their residential property located at 7526 Gramercy Crest, San Antonio, Texas 78254-5419. Plaintiffs assert causes of action against Liberty for breach of contract, violations of Chapter 541 of the Texas Insurance Code, violations

of Chapter 542 of the Texas Insurance Code, and breach of duty of good faith and fair dealing/bad faith.

### Basis for Removal

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. The Amount in Controversy Exceeds $75,000.**

4. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[1] Here, Plaintiffs claim that their property, which Plaintiffs insured through Liberty, sustained water damage.[2] Plaintiffs seek damages for Liberty's alleged failure to pay them what was owed under the terms of their insurance contract.[3] The Policy in effect on the reported date of loss was a LibertyGuard Deluxe Homeowners Policy with coverage limits of $228,100.00 for the dwelling and $136,860 for personal property. Additionally, Plaintiffs seek statutory penalties, treble damages and exemplary and punitive damages under the Texas Insurance Code.[4] Plaintiffs also seek attorney fees for bringing this suit.[5]

---

[1] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[2] *See* **Exhibit A**, Original Petition at pages 2-3.
[3] *See* **Exhibit A**, Original Petition at pages 3-4.
[4] *See* **Exhibit A**, Original Petition at page 9.
[5] *See* **Exhibit A**, Original Petition at pages 8-9.

5. Plaintiffs plead in their Original Petition that they are "seeking only monetary relief or $250,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."[6]  Further, Plaintiffs made a pre-litigation settlement demand on February 24, 2021, in which Plaintiffs asserted damages of "**$129,934.18**, after adjustment for the deductible and prior payments."[7]  Thus, given the Policy limits pertinent to Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

**B.  Complete Diversity Exists Among Remaining Parties**

6. Upon information and belief, Plaintiffs were each a citizen of Texas when their Petition was filed, and each continues to be a citizen of Texas.

7. Liberty is a company organized under the laws of the State of Massachusetts and, for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is 175 Berkeley Street, Boston, Massachusetts.  Accordingly, complete diversity exists between Plaintiffs and Liberty.

*The Removal is Procedurally Correct*

8. Liberty was first served with the Original Petition in District Court on October 25, 2021.  Therefore, Liberty files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

9. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

---

[6] *See* **Exhibit A**, Original Petition page 8.
[7] *See* **Exhibit B**, Plaintiffs' Settlement Demand

10. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

11. Pursuant to 28 U.S.C. §1446(d), promptly after Liberty files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

12. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 285th Judicial District for Bexar County, Texas, promptly after Liberty files this Notice.

WHEREFORE, Liberty Insurance Corporation requests that this action be removed from the 285th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:   (210) 227-2200
Facsimile:    (210) 227-4602
dstephens@lsslaw.com
jmann@lsslaw.com

_____
David R. Stephens
State Bar No. 19146100
Jessica R. Mann
State Bar No. 24080165

COUNSEL FOR DEFENDANT LIBERTY INSURANCE CORPORATION

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent on this **24th** day of **November, 2021**, addressed to those who do not receive notice from the Clerk of the Court.

Robert C. Lane
Joshua D. Gordon
S. Alex Lick
THE LANE LAW FIRM, PLLC
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
notifications@lanelaw.com
Joshua.gordon@lanelaw.com
Alex.lick@lanelaw.com

                                                                                        _____
                                                                                        David R. Stephens / Jessica R. Mann